

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JULIE WALLACE<br>PLAINTIFF,<br><br>VS.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY,<br>DEFENDANT. | §<br>§<br>§<br>§ CIVIL ACTION NO. 4:13-CV-260-Y<br>§<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## FINDINGS AND CONCLUSIONS

### I. STATEMENT OF THE CASE

Plaintiff Julie Wallace ("Wallace") filed this action pursuant to Section 405(g) of the Social Security Act for judicial review of a final decision of the Commissioner of Social Security *See* 42 U.S.C. § 423. On June 9, 2010, Wallace protectively filed her fifth application for a period of disability and disability insurance benefits ("DIB"), alleging disability beginning on June 15, 2006. (Transcript ("Tr.") 9, 33-36; Defendant's Motion to Dismiss ("Def.'s Mot.") at

1

2.)[1] The claim was denied initially and upon reconsideration, and Wallace, through an attorney, requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 9, 13-22.)

On January 26, 2012, the ALJ issued an Order of Dismissal. (Tr. 6-10.) In the Order of Dismissal, the ALJ noted that Wallace had previously filed applications for a period of disability and disability insurance benefits in April 2008 and November 2008 that were denied at the initial level on June 6, 2008 and January 6, 2009, respectively. (Tr. 9.) The ALJ stated that such determinations became final because Wallace did not request review within the stated time period. (*Id.*) The ALJ further stated:

> I have considered whether this determination should remain final and find no reason why it should not. In this regard, the deadline for requesting review should not be extended under Social Security Ruling 91-5p because at the time of the previous determination, the claimant had the mental capacity to understand the procedures for requesting review. While the claimant has alleged having a learning disability, her medical records do not establish that this impairment was severe enough to preclude the claimant from filing a timely appeal of her unfavorable disability decisions. Additionally, the claimant completed 12th grade and since her graduation has worked in a variety of occupations that required the ability to follow simple written instructions. There are no allegations or indications in the record that the claimant was unable to understand her appeal options. None of the conditions for reopening set forth in 20 CFR 404.988 is present in this case. Accordingly, the previous determination remains final and binding.
>
> The question therefore becomes whether the same facts and same issues are involved. I have compared the evidence considered in reaching the previous determination with that relating to the claimant's current claim. Based on this comparison, I find that no new and material evidence has been submitted and

---

[1] According to the Defendant, Wallace filed her first application for DIB in May 2006, which was denied at the initial level in September 2006. (Def.'s Mot. at 2.) Wallace next filed applications for DIB and SSI in May 2007, which were denied at the initial level in July 2007. (Def.'s Mot. at 2.) Wallace filed a third application for DIB in April 2008, which was again denied at the initial level in June 2008. (*Id.*) Subsequently, Wallace filed a fourth application for DIB in November 2008, which was denied at the initial level in January 2009. (*Id.*)

2

> that there has been no change in statute, regulation, ruling or legal precedent concerning the facts and issues ruled upon in connection with the previously adjudicated period. Additionally, as already stated, the claimant's insured status expired prior to the previous determination. Accordingly, the claimant's rights on the same facts and on the same issues are involved and the doctrine of *res judicata* applies.
>
> Because the doctrine of *res judicata* applies, the request for hearing dated January 10, 2011 is dismissed.

(Tr. 9-10.)

Wallace filed a request for review, and the Appeals Council, on January 30, 2013, denied her request, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 1-3, 5.) In the Appeals Council's "Notice of Appeals Council Action," it, *inter alia*, stated:

> In looking at your case, we considered the reasons you disagree with the dismissal and the additional evidence.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's dismissal.
>
> Specifically, we considered records dated September 26, 2011 to February 14, 2012 from Baylor All Saints Center for Pain Management. The Administrative Law Judge decided your case through December 31, 2007, the date you were last insured for disability benefits. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits.
>
> We also looked at a psychological evaluation dated July 8, 2005 from Ed G. Bleker, Ph.D.; a psychological evaluation dated July 9, 2007 from Christopher J. Anagnostis, Ph.D., and a Psychiatric Review Technique and Mental Residual Functional Capacity Assessment dated June 4, 2008 from Henry Hanna, Ph.D. This is not new or material evidence relating to the previously adjudicated period.

(Tr. 1-2.) On April 1, 2013, Wallace filed the instant case against Defendant, appealing the ALJ's January 26, 2012 Order of Dismissal.

3

## II. STANDARD OF REVIEW

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988); *see Morris ex rel. Morris v. Bowen*, 646 F. Supp. 363, 364 (W.D. Tex. 1986); *Flores v. Heckler*, No. SA-80-CA-551, 1985 WL 71730, at *1-2 (W.D. Tex. Mar. 20, 1985). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

## III. ISSUES

In her brief, Wallace presents two issues:

(1) Whether the ALJ's decision to deny reopening of Wallace's claim under Social Security Ruling ("SSR") 91-5p is "supported by the record and legally sufficient"; and

(2) Whether Wallace's "due process rights [were] violated when the ALJ dismissed her claim due to *res judicata* without providing an opportunity for Wallace and her counsel to address the hearing [sic] either at a hearing or in writing."

(Plaintiff's Brief ("Pl.'s Br.") at 1.)

## IV. DISCUSSION

### A. <u>Due Process and *Res Judicata*[2]</u>

Wallace argues that the ALJ's application of *res judicata* without first notifying her of its applicability to her case violated her due process rights. (Pl.'s Br. at 7.) Wallace, citing *Harris v. Callahan*, 11 F. Supp. 2d 880, 884 (E.D. Tex. 1998), and other cases, argues that in "a Social Security claim, notice that fails to inform the applicant of material factors that could result in an adverse disability determination violates procedural due process." (Pl.'s Br. at 7-8.)

Procedural due process requires notice of the hearing and an opportunity to be heard. *See Cuellar v. Texas Emp't Comm'n*, 825 F.2d 930, 934 (5th Cir. 1987). The Court is not aware of (and the parties have not cited to) any case in which the United States Court of Appeals for the Fifth Circuit has ruled on the issue of whether an applicant must be advised or given notice that *res judicata* might apply to a claim in order for meaningful notice under the due process clause. There are, however, two United States District Courts in the Fifth Circuit that have dealt with this issue, *Harris, supra,* and *Rodriguez v. Massanari*, No. Civ. A. 500CV274C, 2001 WL 406226 (N.D. Tex. Apr. 17, 2001). .

In *Harris*, the claimant filed an application for disability benefits on August 9, 1993 for injuries sustained on April 1, 1991. 11 F. Supp. 2d at 882. His application was denied initially and on reconsideration. *Id.* On June 8, 1995, Harris appeared *pro se* and testified at a hearing before the ALJ. *Id.* "Despite plaintiff's lack of recollection of a prior social security application and hearing, the ALJ concluded that Harris had submitted a prior application and had been

---

[2] Because the Court, as set forth herein, concludes that this case should be remanded to ensure that the ALJ has not denied Wallace due process rights, it will not analyze the first issue.

5

deemed not disabled through May 5, 1992, the asserted date of the prior hearing." *Id.* at 882. "Concluding res judicata prevents re-litigation of the previous application, the ALJ limited Harris' August 9th application to the period beginning May 6, 1992." *Id.* Harris appealed the ALJ's decision, arguing, *inter alia*, that the application of *res judicata* violated his due process rights. *Id.* at 882. Harris, asserting a mental impairment, claimed that "notice of the hearing was constitutionally infirm in that it provided no notice that res judicata was applicable." *Id.*

In *Harris*, the district court judge remanded to the Commissioner the claimant's application for disability benefits during the period of April 1, 1991 through May 5, 1992 "for consideration in accordance with due process notice requirements." As in the present case, the Commissioner in Harris had, *inter alia*, dismissed Harris' disability benefits application during this period based on *res judicata*. *Id.* In making this determination, the Court stated:

> Application of res judicata to Harris' case without first notifying him of its applicability violated his due process rights. Harris should have been provided the opportunity to have presented or prepared something in writing for the ALJ to consider in reaching his decision to apply res judicata. He should have been allowed to review the file and ascertain whether a prior application had been filed and to determine if there was new and material information which warranted reopening the closed file. He may have chosen to seek the advice of and be represented at the hearing by an attorney. No matter which option, if any, Harris ultimately would have chosen, due process requires the ALJ to provide meaningful notice to provide him the opportunity to ch[o]ose whichever option he deemed prudent.

*Id.* at 884-85 (internal citations omitted).

The court in *Rodriguez*, noting that the facts in that case were very different from the facts in *Harris*, found that Rodriguez's due process rights had not been violated. 2001 WL 406226, at *5. In *Rodriguez*, the claimant filed an application for DIB on June 3, 1996 and an

6

application for SSI on September 26, 1996. *Id.* at *1. His applications were denied initially and upon reconsideration, and Rodriguez requested a hearing before an ALJ. *Id.* The ALJ held a hearing on March 16, 1998 in which Rodriguez was represented by a nonattorney representative. *Id.* The ALJ found that Rodriguez was not disabled because he was capable of making an adjustment to work that existed in significant numbers in the national economy. *Id.* The ALJ further found that "because Rodriguez had previously filed an application for DIB and SSI, in June of 1993, and had not properly appealed the unfavorable decision, his application for benefits from May 15, 1992, the date Rodriguez claimed was the beginning of his disability, to April 28, 1995, the date of the previous decision, was barred under *res judicata*. *Id.* After the Appeals Council denied Rodriguez's request for review, Rodriguez appealed the ALJ's decision. *Id.* In making its determination that Rodriguez's due process rights have not been violated, the Court stated:

> In this case, Rodriguez argues that there is no evidence in the record that he had counsel for his first hearing. He urges this Court to follow the opinion of the Eastern District of Texas in *Harris v. Calhoun*, 11 F. Supp. 2d 880 (E.D. Tex. 1998), which held that persons without benefit of counsel could not appreciate the need to argue against the application of *res judicata*. However, the facts in *Harris* are very different from this case. Here, Rodriguez had counsel at his second hearing; he had access to his files, and he does not suffer from mental incapacitation. Rodriguez therefore is charged with the responsibility of raising and defending against *res judicata* at his hearing. He did not do so. Judge Lewis applied the law in a fair and impartial manner and did not violate Rodriguez's rights to due process.

*Rodriguez*, 2001 WL 406226, at *5.

After reviewing the analysis in *Harris* and in *Rodriguez, supra*, the Court concludes that it is impossible to conclusively determine, based on the record before the Court, whether

7

Wallace's due process rights have been violated. This case is different from both *Harris* and *Rodriguez* in that it does not appear that Wallace, who alleges that a mental impairment prevented her from understanding the previous notices she received informing her that her claims were denied and that she had a right to appeal within a certain time limit, has *ever* had a hearing before an ALJ on her current application nor any of the prior four applications. In addition, there is no evidence that Wallace was represented by an attorney at any time until she requested a hearing before an ALJ after her most current application for DIB was denied. Moreover, her current attorney has never had an opportunity to consider the question of *res judicata* because no hearing was ever held. Furthermore, there is no evidence in the record of what notifications Wallace received regarding any of her previously-filed applications beyond the June 9, 2010 application currently being considered.[3] As to the current application, since the ALJ ultimately did not ever hold a hearing but, instead, dismissed the request based on *res judicata*, Wallace never received any Notice of Hearing that set forth "a statement of the specific issues to be

---

[3] The Court notes that the Notice of Disapproved Claim dated August 18, 2010 that initially denied Wallace's current application for benefits states:

NEW APPLICATION

You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision. If you disagree with this decision and you file a new application instead of appealing:

. . . .

- **We could deny the new application using this decision, if the facts and issues are the same.**

(Tr. 20 (emphasis added); *see also* Tr. 14.) Assuming without deciding that this would provide appropriate notice to Wallace that a future application could be denied based on *res judicata*, there is no indication in the record that Wallace received such notice with any of her previously denied applications for DIB.

8

decided" as set forth in 20 C.F.R. § 404.938.[4] Because the Court cannot definitively determine that Wallace's due process rights have not been violated, the Court recommends remanding the case.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

---

[4] In a letter dated January 26, 2011, the SSA sent Terry Fleming, Wallace's attorney at the time, information acknowledging that the attorney had requested a hearing before the ALJ and stating that the SSA would "mail a Notice of Hearing to you and your client at least 20 days before the date of the hearing to tell you its time and place." (Tr. 26.) The letter further stated that the "Notice of Hearing will state the issues the ALJ plans to consider at the hearing." (*Id.*)

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until August 27, 2014 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 13, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv

10